976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Franklin David ROOF, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 91-36354.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Franklin D. Roof, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Roof was convicted of being an ex-convict in possession of a firearm, burglary, rape, and sodomy. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm in part, reverse in part, and remand.
 
 Double Jeopardy
 
 3
 Roof's first assignment of error is that the district court erred in holding that he was not placed in double jeopardy where his conviction for burglary was based upon his possession of a .22 caliber pistol, which was the same evidence used previously to convict him for ex-convict in possession of a firearm. The Double Jeopardy Clause bars a subsequent prosecution if the government intends to prove conduct that constitutes an offense for which the defendant already has been prosecuted. Grady v. Corbin, 495 U.S. 508, 521 (1990). The district court held that the admission into evidence of the possession of the pistol in the burglary trial was not barred by the Double Jeopardy Clause because although the evidence of the pistol was the same in both trials, the defendant's conduct involved in the first trial was entirely different from the second. We agree with the district court and affirm its opinion on this claim.
 
 Sufficiency of the Evidence
 
 4
 Roof's second assignment of error is that the district court improperly held that he had procedurally defaulted his claim concerning the sufficiency of the evidence supporting his conviction for burglary. Roof's appellate counsel failed to raise the claim on direct appeal. A claim that is raised for the first time in a federal habeas petition and was not properly exhausted in the state courts is procedurally defaulted unless the petitioner can show cause for failing to raise the claim in state court and prejudice from not having the claim heard upon the merits. Murray v. Carrier, 477 U.S. 478, 484 (1986).
 
 
 5
 Roof contends that the ineffectiveness of his appellate counsel establishes cause for his not raising this claim on direct appeal. The district court determined that Roof's appellate counsel was not ineffective in failing to raise this claim. We agree with the district court's finding and affirm its opinion on this claim.
 
 Pretrial Identification Procedure
 
 6
 Roof's final assignment of error is that the district court erred in determining that his due process rights were not violated by the admission of identification testimony based upon a suggestive pretrial identification by the witness. We review the constitutionality of a pretrial identification procedure de novo. United States v. Johnson, 820 F.2d 1065, 1072 (9th Cir.1987). There are five factors which a court must review to determine the reliability of a suggestive identification procedure:
 
 
 7
 [T]he opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
 
 
 8
 Neil v. Biggers, 409 U.S. 188, 199-200 (1972); United States v. Dring, 930 F.2d 687, 692 (9th Cir.1991), cert. filed, 91-8200 (May 11, 1992) (applying Biggers ). Whether a defendant's due process rights were violated by the admission of identification testimony based upon a suggestive pretrial identification procedure is subject to harmless error analysis. United States v. Jarrad, 754 F.2d 1451, 1458 (9th Cir.1984), cert. denied, 474 U.S. 830 (1985).
 
 
 9
 In this case, the rape and sodomy victim, who testified at trial, was attacked from behind and stated that her attacker was wearing a ski mask. She was brought to Roof's arraignment for the burglary charge and asked to listen to his voice. Roof was dressed in prison garb, shackled, and spoke only the word "yes" twice. Upon hearing that word, the witness felt that Roof's voice was "definitely in the range" of her attacker's and that she could not "rule him out." She also stated that his physical characteristics were an excellent match.
 
 
 10
 The district court stated that "there can be no serious argument that the identification of petitioner was not suggestive". In applying the Biggers factors, the district court concluded that factor one weighed against admissibility, factor two weighed in favor of admissibility, factor three weighed against admissibility, and factor five weighed in favor of admissibility. In addressing the fourth factor, the certainty of the witness' identification, the district court stated that because the witness could not identify Roof as her attacker with certainty, the identification was admissible. The district court went on to state that had the witness identified Roof with certainty, then the identification would have been rendered inadmissible.
 
 
 11
 While we take no issue with the district court's analysis under Biggers concerning factors one, two, three, and five, the district court misapplied the Biggers analysis concerning factor four. This factor weighs in favor of admissibility the more certain a witness is in identifying a suspect. Biggers, 409 U.S. at 200; see also Manson v. Braithwaite, 432 U.S. 98, 108 (1977); United States v. Faulkenberry, 967 F.2d 593 (9th Cir.1991); United States v. Cueto, 611 F.2d 1056, 1064 (5th Cir.1980) (holding identification inadmissible based upon lack of certainty of the witness in identifying suspect). Therefore, we reverse the opinion of the district court concerning this claim and hold that the admissibility of the identification deprived Roof of due process, rendering it inadmissible. We remand to the district court to determine whether admitting the identification was harmless beyond a reasonable doubt in light of other evidence introduced at trial because the state court trial transcript is not before us. See Fendler v. Goldsmith, 728 F.2d 1181, 1190 (9th Cir.1984) (remand necessary to determine whether constitutional error was harmless where state trial court transcript was not introduced in habeas proceeding).
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3